# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | No. 05-3290-CM |
| ) | No. 03-20181-01 |
| **OSCAR MATA-HERNANDEZ,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## MEMORANDUM AND ORDER

On November 18, 2003, a grand jury returned a one-count indictment charging defendant with unlawful re-entry by a previously deported alien in violation of 8 U.S.C. § 1326(a) and (b)(2). On January 5, 2004, defendant entered a plea of guilty to Count 1, and the court accepted the plea. The court sentenced defendant to sixty-four months imprisonment on March 29, 2004, and judgment was entered on March 31, 2004. The sentence became final ten days after entry of judgment, when his time for appeal expired. Fed. R. App. P. 4(b)(1)(A)(I); *United States v. Burch*, 202 F.3d 1274, 1278-79 (10th Cir. 2000).

This case is before the court on defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 20), which defendant filed June 27, 2005. Defendant actually signed his motion on June 22, 2005, and the court will assume that he delivered it to prison officials for mailing on that day. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (recognizing the "mailbox rule" for *pro se* prisoners). Defendant argues that the court erroneously enhanced his sentence based on prior convictions

which were not tried by a jury or admitted by defendant.

A § 2255 motion must be filed within one year from the latest of:

(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Defendant's June 22, 2005 filing was untimely under subsection (1) because it was filed more than one year after his conviction became final. And no other subsections of § 2255 permit defendant to raise his claim beyond that date. Defendant seeks relief under *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005), but the Tenth Circuit has held that neither decision is retroactive. *See United States v. Price*, 400 F.3d 844, 849 (10th Cir. 2005) (*Blakely*); *United States v. Bellamy*, 411 F.3d 1182, 1188 (10th Cir. 2005) (*Booker)*. The Supreme Count issued *Blakely* on June 24, 2004 and *Booker* on January 12, 2005. Both opinions were issued after defendant's conviction was final. The court finds that defendant's motion is barred by the one-year statute of limitations, and the court denies the motion.

**IT IS THEREFORE ORDERED** that defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 20) is denied.

-3-

Dated this 12th day of May 2006, at Kansas City, Kansas.

                                                **s/ Carlos Murguia**
                                                **CARLOS MURGUIA**
                                                **United States District Judge**